Filed 11/26/14  P. v. Rodgers CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C075858 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F7576) |
| v. | |
| JOE RODGERS, JR., | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

In December 2011, a felony complaint charged defendant Joe Rodgers, Jr., with one count of infliction of corporal injury on a cohabitant.  (Pen. Code, § 273.5, subd. (a).)[1]  Defendant pleaded no contest in return for a grant of formal probation.  In January 2012, the trial court suspended imposition of sentence and granted formal probation for three years.

---

[1]     Undesignated statutory references are to the Penal Code.

1

In May 2012, a petition alleging a violation of probation was filed. Over the next year, the probation department filed four more violations, and the district attorney's office filed one violation.

At a hearing in May 2013, the trial court found true the two violations alleged in the probation department's latest petition: that defendant traveled outside Shasta County without the probation officer's permission, and that he failed to contact the probation officer by the next working day after his arrest and release. Further proceedings on other alleged violations were continued because defendant was unable to go forward with his testimony.

At the continued hearing in June 2013, the trial court ordered a psychological evaluation of defendant to determine whether his thought processes might be affected by a mental disorder. The evaluation determined that defendant's thought processes were not so affected.

The trial court and the parties agreed to schedule one of the other probation violations for sentencing, and the prosecutor dismissed all remaining allegations.

In February 2014, the trial court imposed a state prison sentence of four years (the middle term). The court awarded 68 days of presentence custody credits (34 actual days and 34 conduct days). The court ordered payment of a $1,000 restitution fine (§ 1202.4, subd. (b)) and the previously stayed probation restitution fine in the same amount (§ 1202.44); the court also imposed a suspended parole revocation restitution fine in the same amount (§ 1202.45). The court additionally ordered a $40 court operations fee (§ 1465.8, subd. (a)(1)) and a $30 criminal conviction assessment (Gov. Code, § 70373).

According to the probation report, in the underlying case, the victim, S.B., told law enforcement that defendant punched her in the face during an argument in their bedroom, then charged her in the hallway as she attempted to retreat. A witness corroborated the victim's story.

According to testimony at the violation of probation hearing, defendant left Shasta County to attend a family funeral without notifying his probation officer that he intended to travel outside the county. He was arrested on April 29, 2013, and released on May 1, 2013, but did not contact his probation officer to inform him of the arrest until on or about May 13, 2013.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


      NICHOLSON     , Acting P. J.


We concur:


      MAURO      , J.


      DUARTE      , J.

3